the fourth district appellate court of the state of illinois has now convened the honorable peter c cavanaugh presiding we'll first call 4-22-0668 barbara a thompson appellees at all versus bernard f when all appellants attorneys for the appellant could yet our manufacturing company and i am joined by my colleague david lubin and peter allport on behalf of appellant the estate of patrick t whalen very good mr lubin if you're going to remain on this screen then fix your shirt and tie shirt and tie hold up looks like it's open this is courtroom this is courtroom attire when we're on zoom i apologize judge not at all sometimes we all need a reminder thank you justice connect council it's our understanding that mr jake's argument will be a 15-minute argument and mr allport five minutes that's your understanding gentlemen that's correct your honor yes your very well counsel for the appellee please state your full name for the record jonathan scott hoover thank you counsel you may proceed all right uh thank you good afternoon your honors and counsel um and may it please the court uh today we are asking the court to answer three different questions that have been certified pursuant to illinois supreme court rule 308 and um as your honor pointed out the council's intentions are that i will argue the first two questions in regards to the statute of limitations for the section 1256 claims and then mr allport the attorney for the estate of patrick whalen will address this third certified question as it pertains to the claim for conversion so your honors for purposes of my segment the defendants are requesting this court answer the first two certified questions by finding that one the proper statute of limitations for purposes of claims raised under 1256 of the bca is five years and that a claim under 1256 accrues when the purported shareholder knew or should have known that his or her rights as a shareholder or status as a shareholder were not being recognized could i interject for just one moment is justice steigman still with us um judge i'm going to put everybody back in the waiting room until oh actually he's in the waiting room here he comes pardon me gentlemen i just seems like we lost uh one of the panel no problem time will be added back on thank you your honor would you like me to repeat any of that super justice steigman more than likely let's see let's hear from him to um um sub Illinois supreme court rule 308 the intentions is that i will be addressing the first two certified questions as they pertain to the section 1256 claims and then mr allport on behalf of the defendants and he's with the estate of patrick whalen will be addressing the third certified question as it pertains to conversion count and for purposes of my segment uh i'm asking the defendants are asking the court today to find that the proper statute of limitations for purposes of a 1256 claim under the bca is five years and that a claim under 1256 um accrues when the purported shareholder knew or should have known that his or her status or rights of as a shareholder were not being recognized um so to begin your honors the applicable statute limitations here for purposes of a 1256 claim is five years is provided in section 13-205 of the code of civil procedure all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued and this statute has been applied to many other claims where there's not a specific statute of limitations set forth such as breaches of fiduciary duty common law fraud fraudulent misrepresentation claims that are somewhat similar to those that are being raised under 1256 nowhere else in the code of civil procedure or the business corporations act does there exist any provision setting forth some other statute of limitations for purposes of a claim under 1256 specifically 1256 um a3 which is more what's alluded to in the complaint and in fact the bca explicitly provides that practice and actions under 1256 shall be the same as in other civil actions except as provided in the act so again nowhere else in the business corporations act is there a specified statute of limitations for a 1256 claim now the illinois legislature our position has had every opportunity to do this your honors and they chose not to but if you look throughout the bca there are other instances where the illinois legislature did insert different statutes of limitations without that or throughout that act we gave a few examples in our brief but a couple of those are section 1590 which is uh establishes a seven-year statute of limitations for franchise fees taxes and penalties there's a provision under section 1275 for 120-day statute of limitations for known claims after a corporation is dissolved so there are instances throughout the act where they're specifically included but we also argue that just because there's not a statute of limitations specifically included this doesn't mean that one exit doesn't exist and the case i'd like to highlight that's mentioned in our brief is the gillespie community unit school district number seven mccoupin county v white and company and in that case the illinois supreme court was analyzing in part whether or not section 13-205 would apply to a claim for fraudulent misrepresentation in a construction case that case involved a school that had suffered significant structural damage due to some coal mine subsidence and this school district ended up filing suit so while the court in that case was analyzing the language of another limitation statute i acknowledged that it was section 13-214 regarding construction claims the supreme court ultimately found that section 13-205 applied to fraud based construction claims because there were no other limitations periods governing those claims particularly those set forth in that statute now i think this case is also very similar to our situation here because the business corporations act like section 13-214 contains language that further directs the plaintiffs to other applicable statutes of limitations under illinois law council i have a question for you i want to make sure i understand your position is it your position that the catch-all provision of the code of criminal procedure in section 13-205 provides the applicable statutes of limitations in this case which is five years that's correct and judge not to correct you it'd be the civil code of civil code of procedure but yes the 13-205 i speak i'm sorry if i did no problem well then my next question is and i'm not sure if i understood your initial remarks do you believe that the discovery rule which is applicable to some statute of limitations would apply in this case or generally in regard to 13-205 where we're talking about a requirement that before the statute of limitations would run the injured party knows the reason we should have known that they suffered an injury so yes your honor i believe that the short answer to your question is yes i do believe the discovery rule would apply in this case as it's been applied to section 13-205 in other instances but i do believe it would apply here and when that shareholder knew or should have known that his shareholder rights or status were being disregarded then that is when the discovery rule would have went into place is my understanding also correct that the trial court i guess for a lot of better lack of better way to put it hasn't yet had occasion to address that it hasn't really been uh pleaded or evidence presented on whether the discovery rule would apply in this particular case is that correct that's correct your honor we were unable really to find a case directly on point under illinois law that was applying the discovery rule to 12-56 claims um we were able to find uh and it's brought up another and i understand there was some unprecedented cases that were or non-precedential cases excuse me that were discussed um the the burke case for example and which was a dealing with conversion which i'll let mr alport get into in a moment but um that was a case where shareholder rights were disregarded they applied the um the discovery rule so this the trial court denied your motion to dismiss but the court hasn't yet had an opportunity to address or uh hear evidence on the question of whether the discovery rule under your position should apply here or the uh the normal five-year standard under 13-205 applies isn't that correct i would agree your honor that we we haven't had any evidentiary proceedings yet to determine if they knew or should have known but our argument would be that the face of the complaint in this situation is actually what answers that question the uh allegations that are specifically set forth in the complaint by the plaintiffs make numerous references over the course of a span of almost 30 years back to 1992 where they're mentioning requests for financial records they mention um not being allocated profits and losses they actually specifically provide dates in 1987 well but none of that's before us now that's correct so my question then though is and again i'm trying to make sure i understand what's going on in this case and i'll ask mr hoover when it's his opportunity it seems to me that the employees aren't necessarily in disagreement with your essential position namely that the statute of limitations under 13-205 applies with uh the discovery rule applicable have i missed that or what what's going on i believe that i and i don't want to speak for him either your honor but i believe that my understanding of their argument is that section 13-205 would apply to the conversion claim but the shareholder remedies claims that i'm arguing they believe essentially that there is no statute of limitations that that this claim would let on live on indefinitely provided that the plaintiff or the petitioner is actually a shareholder well but at least in one of the claims they would embrace the discovery rule application as you do i suspect on the other as an alternative argument they'd say but if we were to disagree that there's no statute of limitations should be the five-year statute with the discovery rule apply would that be correct i apologize your honor i'm not sure if i'm fully understanding your question i it's understandable because i'm not sure i made it very clear so i apologize um i suppose from their position they're trying to argue there's no such limitations at all that one claim you discussed but it seems to me that consistent with their general position is an alternative they'd be willing to accept the discovery rule applicable on that claim as well and again i'll ask mr hoover anything i i don't want to speak for him i believe so your honor but i you know i i'm reluctant to speak too much for mr hoover i apologize okay go ahead um and so to to go back though to the just the five-year component of this what the gillespie court in part your honor was discussing was that when the legislature is intended that there be no statute of limitations they've expressly stated that and the examples they give are first degree class one felonies class x felonies the statutes specifically set forth that there is no statute of limitations and that's simply not the case here um and what i i think there is an analogy between the gillespie case and our case here because the statute that was discussed there and and the business corporations act both basically leave open this catch-all provision of section 13 205 they direct us there um i i admit by different means but we essentially get to the same point and so i think counsel let me ask this and again question i'll ask mr hoover are you aware of any civil action by whatever name for which there is no statute of limitations so it can be brought forever i would argue no judge um i i believe mr hoover is probably going to argue in part the viscara non-precedential case that was discussed um and i i i would i and i'm happy to address that part of it your honor with that case um the viscara case all the you in the brief they cited to the illinois practice series which itself acknowledged that the case isn't really clear because the alleged wrong happened during the the five-year period anyway so it's we don't really have an answer out of this cara but i think viscara was really setting forth the elements of the claim um which we wouldn't really disagree with with it um because you know the for example um having to be a shareholder of course we would agree with that um and that there had to be some oppressive or fraudulent action we would agree that those are elements of a 1256 claim in order to bring it but that doesn't necessarily mean that there's no statute of limitations i mean if you look at the elements for example of a breach of contract claim we don't mention the statute of limitations and the elements of the claim if you look at a claim for negligence we don't look at the statute of limitations for the elements of the claim and so the the point is here is i i don't think that that case to the extent it was saying that there is no statute of limitations if it is i would say that it's wrong um but if uh i i really think they were getting more to an issue of standing uh more than an issue of statute of limitations but you can't think of any other instance where there's no statute of limitations for a civil cause of action i i don't feel comfortable saying any civil cause of action your honor but it's not familiar with the claim then no i i'm not aware okay well let's question i'll ask mr uberland later on go ahead um so that all being said your honors i i think it to wrap up the first part of this um and it is i'm sorry i'm having a little zoom glitch here um that there's no express statute of limitations anywhere in the business corporations act um there is no um anywhere that says that the statute should live or the claim should live on indefinitely so we should look at the plain language of the business corporations act um the fact that there is um a catch-all provision out types of claims before and and we should apply section 13 205 um to go back um to what your honor is talking about earlier with the discovery rule and i think this addresses the second again the second question here is um the defendant's position is that a claim under 1256 um accrues when the shareholder knew or should have known that their rights were not being recognized and this is a well-established rule under illinois law um and has applied to section 12 or 13-205 claims in the past again we didn't have a direct case on on on point with the 1256 claim we did reference a couple of other cases that were out of state but we find them very analogous because they were dealing with shareholder rights issues and they also had a very similar discovery rule um one of those cases was whitney the guys um and in that case there was a complaint file in 2010 meaning they had and there was a three-year statute of limitations there so that went back to october of 2007 um they had correspondence and evidence in that case that showed as early as july 2007 the the shareholder had facts that his rights were being disregarded therefore because he knew about it his claims um had began to accrue at that time the other case that i think is is very good is the alaska as the alaska case egner v talbot's and it is discussed in our briefs as well they have an almost identical discovery rule to the state of illinois which is that a cause of action accrues when a person has enough information to alert the person that he or she has a potential cause of action or should begin an inquiry to protect his or her rights that's very close to the illinois language um and again thank you counsel i wanted you to finish that point but the light is on you're out of time okay i'm sorry i couldn't see a fight i apologize not a problem thank you for your argument thank you your honor uh and may it please the court uh i'm peter allport and i am uh counsel for the estate of patrick t whalen and i will be arguing the appellant's position regarding the of corporate stock accrued for purposes of triggering the statute of limitations in section 205 uh and your honors we think the answer to this question is clear and as mr jump alluded to uh the cause of action for conversion crew when the shareholder has inquiry notice that the corporation is failing to honor the shareholder's rights and is not treating the um and we think this answer is supported by basically a straightforward uh application of existing illinois law surrounding the statute of limitations and the discovery rule and in contrast to the uh business corporation x claims there's no dispute that claims for conversion are subject to section 205 and there's no dispute that uh claims for conversion are when the if we're using the discovery rule how do we know when the discovery occurs so your honor under the discovery rule uh the cause accrues when the plaintiff knows they've suffered an injury when they know or reasonably shouldn't know that they've suffered an injury uh and that it was wrongfully caused and i think what evidence is there in this case other than some of the things that were said in the pleadings i mean this is an actual question your your honor i think in this case the face of the pleadings the plaintiff's own allegations make clear when they would have been able to discover their cause of action for purposes of the discovery rule uh because i think a shareholder is going to know that they have suffered an injury with respect to their shares when the corporation is not honoring or granting the rights and benefits associated with share ownership uh for example if a corporation is now providing a shareholder with notice of shareholder meetings if it's not giving the shareholder the opportunity to exercise their statutory rights such as voting on board of directors if the shareholder is not giving them dividends but it's giving other shareholders dividends they have uh they should know at that point in time that they've suffered an injury with respect to their shares and if they see that other shareholders are getting dividends how do they know well whether anybody else is they would know so your honor i think they would know that they've got they're entitled to uh notice of shareholder meetings and they're entitled to vote on the board of directors and they were able to inquire as to whether or not they're entitled to a dividend and i think it they reach out and ask those questions they were entitled i asked whether how would they know that other people had had dividends distributed they wouldn't so your honor i outside it wouldn't be in the record that's before us i presumably there could be circumstances where it's disclosed in corporate materials but correct that would be evidence that's not before us that that that would be evidence your honor but and if they made any inquiries other than were in the pleadings that wouldn't be before us uh you had any testimony about talking to an agent that correct your honor there's it wouldn't be there's there's there's no evidence as to what happened outside of what they've alleged in there how does the fact finder decide what why would why would a fact finder want to decide that or be obligated to decide that on the base of the pleadings when you haven't really even reached that issue yet well because your honor i think in this case the plaintiffs are the master of their own pleadings and they've made judicial admissions that they acquired ownership of these shares in 1992 and since that point in time uh they have not received any of the rights or benefits associated with share ownership and they've never taken any efforts whatsoever to enforce those rights during that entire period from 1992 until they filed this suit in 2021 what would it be the actual question if that delay absent any other facts or any facts at all that that would be determinative well yes your honor i i think it would be because i think they they as a shareholder they should know they have rights and the fact that they haven't been able to exercise or benefit from those rights for 30 years uh would have put them on inquiry notice that they've suffered some sort of injury with respect to their shares thank you your honors okay mr hoover we'll hear from you thank you thank you for the support um i just start by saying i do agree that um the first argument that we made is that they're the applicable statute of limitations for the 1236 would be that there isn't a set five-year deadline and that that section the catch-all section does not apply as the uh ellen has mentioned and referred to the sakara case i do largely adopt that argument um but i think with the court the issue and what should be looked at is this statute and the remedies and what it was made for and how it addresses issues with privately held corporations and if you look at the language of 1256 it's very broad in terms of its remedies and what it does in fact i would in some ways think of it more as closer to equity than i would to a kind of traditional statute but but my point is is it gives the circuit court broad authority to correct anything in the corporate history it references going back to the uh you know views when the corporation was formed so now and so this idea that um a shareholder would be kind of out of time to address an oppression from the corporation doesn't have a basis let me ask you the question i said i was going to ask is it your position that there's no statute of limitation that applies to uh the claims made in this case the 1256 claim i believe as long as you're a shareholder i would say there is an ultimate night address this in my in my response i know there was a dispute about what to call it i i did say that there is a maximum i don't want you the maximum uh the dissolution of the corporation the survival plus uh five so it could be 40 years or 50 years or 120 years theoretically could it not if the corporation is still active yes if they find a mistake i think that's what the legislature intended uh for causes of action of this kind i think it's i think to correct mistakes in the corporation i think that's the the point like even if it's a records are wrong that's why they can do an accounting and they have the authority under the statute to go all the way back to the beginning well here's my question i asked mr jump as well are you aware of any other civil cause of action of any kind for which there is no statute of limitations at all so i would say um civil commitment would be the closest example so like a sexually violent predator that that if they're found that to be at any time that suit can be brought which is civil and then there be and they would be well of course that's quasi-criminal in any event but i'm not sure i'd want to go back and check the statute but how about just any good old-fashioned civil case we're talking about dollars and cents or uh in interest in property and the like are you aware of any cause of action for which there literally is no special limitations i would say the the only other one would i believe be a mutual uh easement or like a levy i believe uh if it's for mutual benefit can be brought at any time what about the discovery rule applicable you heard my discussion with mr jump where he seems to be saying he's happy with uh the 13205 special limitations with the discovery rule apply what's your position on that well if that if the court finds that that statute applies i think the discovery rule would have to be absolute yes but that's not my i still take the first position i don't think that applies but i think if it otherwise it would obviously have to apply if there is a limitation whatever the jurisprudence civil case involving issues of property interest or dollars or corporate structure for which we'd say no statute of limitations supplies could be brought now 40 years from now 80 years from now as long as the corporation is still in existence is that correct and you have a and you're a shareholder and it's redressing an oppression yes i mean that but again that's because the remedies are not necessarily monetary in some of this and where the other concern i have is if you take the appellant's position is then are different sections of 1256 subject to different statutes of limitations based on what they are i mean it doesn't doesn't seem like that it seems to me when you when you when you read this and look at the intent that it's to address kind of internal disputes of the corporation and in addition these kind of disputes and this is where i know when we cited to it and discussed it in my in my brief regarding in a good list and i know the appellant has talked about this a little bit but these are continuing issues that are not this was not made to address a singular event a singular one-time thing this is a about a pattern and an ongoing oppression because that's how this tends to go and so to isolate it back to a traditional kind of five years is when it approves it doesn't make sense because that's not how this works particularly when you have these close corporations with you know family members and a lot of kind of internal disputes i think i think you can't say it would accrue at the beginning which is what the appellants are in effect asking and and this is part of my argument too against i know i'm arguing against both of them and they took it separately but my issue i have with the with the conversion count and the discovery rule on that issue is there is a fact dispute clearly of when the conversion occurred and i don't think the defendants can just plainly put it back in 1993 to get out of a cause of action i don't think that's that's where it is and i think it's one thing to deny certain aspects of shareholder rights and that's why i cited the one fish case it doesn't mean that automatically your shares have been taken or converted and you can't be put on notice for something that hasn't yet happened and that's part of our our our i think our dispute between myself and appellants on this issue which is that the time that the conversion happened is in is in dispute because we uh the plaintiffs had the shares were awarded the shares um and the plaintiffs other than the appellants i'm sorry other than uh in their briefs have instituted nothing saying uh when that occurred or evidence in that way and instead just make this argument to kind of get out of the liability and i don't think that's uh proper i don't think that has any support so council i'll ask you a question and um i can sometimes be accused of trying to make things too simple but i understand your argument with regard to notice and equity it's certainly you make a good argument but in light of the meaning of the catch-all provision in the statute and you're sort of pushing out this statute limitations in section 1256 how do i rectify the two how do you rectify 1256 in the catch-all is that what you're asking ultimately yes well i and i would say it doesn't apply because the catch-all wouldn't would cause a conflict in some way with the 1256 statute and let me i'll just give you an example well part of my part of my question involved the fact that you seem to be parsing out of the code a statute of limitations with regard to the disillusion i mean i don't know that's the ultimate end and if it's you can call it a statute of limitations i don't want to get caught up on what words i use if i use the wrong word but i think there's an ultimate end i don't think it's infinity i think as long as an entity winds up and it's dissolved then there's a time for claims to be brought and then and that you're a shareholder which we are which is the other important part of this this isn't something that can be brought by anybody and so after the dissolution after the dissolution is there a time period within which claims can still be brought yes the five years that's the survival that's point of the 12 um 2.80 i believe is the number so there's none before that but five years after that once it's dissolved yeah because at that point it has to be addressed because there's the entities no longer there you know you want to get the yeah you have a time to ultimately get everything and all the books and all the accounting and everything dealt with properly um and so like like a like an example i would give is um a current shareholder could ask for something that was denied to them like a report 10 years ago they could ask for that report now and it would be improper it would be unfair to me and i think we'd be misreading 1256 to say that they couldn't get that report because the time was up because they knew about it 10 years ago and were denied and so i think that this claim can proceed under 1256 because you're a shareholder um you have an interest in the company it's you're being impressed or they're they're waste laying waste or misapplying it with the assets um or we just want an accounting and you give a basis because again the court has to give basis for all these things and there's evidence that's heard and as the proceeding commences it's not just something that a person can just do because they're sure right so and a make the court do it and so i think when you look at it that way shareholders can bring these claims the courts can look at all of the evidence and the corporation and how it's being run and then remedy it appropriately whether it's dealing with the shares ordering dividends even ultimately dissolution of the company right and again these are all continuing violations and so it would if you do and impart a statute of limitations it would be one that would be reset every time and i think it's a you know this idea that it ends at some point because of like a certain report isn't given i don't think there's a basis for that i think i think the i think the way it will be is if you're denying reports each time you deny a report that whatever statute of limitations that the court finds there is one would start because it's a continuing violation and i believe it is since you're a shareholder you can bring it when there's continuing violations and it's always so all right thank you any questions seeing none mr jump the ball thank you your honor i'm gonna try to address a few of the issues um that that counseled uh brought um for one uh i do not believe that 1256 can um conflicts with section 13 to us or 13 205 13 205 expressly states all civil actions not otherwise provided for section 1260 of the business corporations act says that practice under 1256 shall be as in and all other civil actions you would apply to a 1256 claim so that's issue one and the other one is i want to be clear the corporate survival statute is not a statute of limitations um that is a a deadline after dissolved corporate once a company dissolves for any claims to be brought i find it coincidental that it's five years i mean the the purpose of that is that when for example i think it actually arose out of products liability cases so let's say a company sells a product on the day they close and dissolve that there could still be claims brought against the company thereafter because you may not discuss you may never discover that defect in the product until a few years later so they were trying to find a balance there and i think the five years and why i mentioned in my briefs is i think the five years after the corporate survival statute the corporate survival statute lines up with the five-year statute of limitations what's the difference between a deadline and the statute of limitations your honor i i find it to be an interesting question but i know and i'm drawing a blank off the top of my head which of the cases we cited addressed it but it is expressly stated that the survival statute is different i agree that there's basically a deadline for them to bring a claim and a tomato tomato but it technically is not considered a statute of limitations now your honors the other item again i i think council address standing yes you have to be a shareholder to bring a cause of action otherwise section 12 the remedies under 1256 wouldn't make sense so i i do believe that the issue of being a shareholder is a standing issue and then i i also want to address a couple things and i think this also goes back to your honor's questions with mr allport earlier but also addresses something mr hoover brought up with the one fish two fish case that case in part where they found notice for purposes of whether they knew or should have known was dating back to a prior lawsuit filed in federal court and your honor that is where the new or should have known in this case it's not really the other factual allegations in the complaint but they knew in 1992 that our clients were claiming an interest in those shares they knew then by the raising of that lawsuit so they knew then that they needed to assert those interests and they didn't do so so whether or not they received a dividend whether or not they were allocated profits or losses or they knew someone else did what they did know for sure due to the filing of the lawsuit 1990 and the judgment 1992 was that we were claiming an interest in those shares and so i think and that's similar somewhat to the one fish two fish case which applied the discovery rule to the conversion count um so i i and that was dealing with llc interests um rather than a corporate stock but i think that's a very analogous case for those reasons um the other issue that's brought up is uh you know we we would dispute that they are a shareholder but that's not before the court um so your honors the purpose of a statute of limitations is to discourage the presentation of stale claims and encourage the diligence and the bringing of claims they provide for predictability and finality and the orderly administration of justice and so for those reasons your honor we're asking the court to answer the questions as the defendants have requested find that a five-year statute of limitations applies to 1256 claims and that those claims accrue when the shareholder knew or should have known that his rights were being disregarded or not being recognized and similarly for the conversion count when they knew that their rights as a shareholder or they were not being treated as a shareholder when they should when they either knew or should have known that um so thank you your honors i'll take any further questions if you have any i see none thank you mr jump and to all the council for excellent argument the court will take this matter in advisement and we now stand in recess